IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURISE WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-389-MEF |
| | ) [WO] |
| | ) |
| JUDGE PINSTON, et al.,[1] | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Maurise Wilkes, a pre-trial detainee confined at the Elmore County Jail, against Patrick Pinston, a district judge for Elmore County, Alabama, and Investigator Brouillard, an officer with the Elmore County Sheriff's Department. In this complaint, Wilkes challenges the constitutionality of criminal charges pending against him for first degree robbery and first degree burglary. *Complaint - Doc. No. 1* at 3. Specifically, Wilkes argues that there is no evidence to support these charges. *Id*. Wilkes seeks a public apology and monetary damages from the defendants. *Id*. at 4. It is likewise clear that issuance of a decision in

---

[1] Wilkes identifies the lead defendant as Judge Pinston. The court notes, however, that the defendant's true name is Patrick Pinkston. For purposes of this Recommendation, the court will refer to this defendant as he is identified by the plaintiff.

favor of Wilkes on claims arising from actions of the state court would result in the granting of declaratory relief from those actions.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  Attendant Declaratory Relief

1. <u>Non-Final Orders</u>.  To the extent that Wilkes seeks relief from adverse decisions issued by a state court which are not yet final, he is due no relief from this court on such claims as there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Wilkes may request reconsideration by the District Court of Elmore County, seek relief from the Circuit Court of Elmore County or file an appeal with the Alabama Court of Criminal Appeals of the lower court's adverse ruling(s).  Since state law provides an adequate remedy for Wilkes to challenge non-final orders, the plaintiff is "not entitled

---

[2]The court granted Wilkes leave to proceed *in forma pauperis* in this case.  *Order of May 28, 2014 - Court Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

to declaratory or injunctive relief in this case." *Id*. at 1243.

    2.  <u>Final Orders</u>.  With respect to claims presented by Wilkes which attack the constitutionality of orders issued by a state court that have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Wilkes from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts in § 1983 actions "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action taken by a state

court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of requests for relief from final actions undertaken by a state court during proceedings related to the plaintiff's pending criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B.  Monetary Damages Against Judge Pinston

Wilkes alleges that Judge Pinston violated his constitutional rights during a preliminary hearing addressing the charges of first degree robbery and first degree burglary which are presently pending against Wilkes.[4]  It is clear that any allegations made by Wilkes against Judge Pinston emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v.*

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

[4] These charges arise from two separate home invasions which occurred in March of 2014.

*Sparkman*, 435 U.S. 349 (1978). Accordingly, Wilkes' claims for monetary damages against Judge Pinston are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke*, 490 U.S. at 327.

### C. Pending Criminal Charges

Wilkes challenges the constitutionality of criminal charges pending against him before the state courts of Elmore County, Alabama for first degree robbery and first degree burglary. Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Wilkes has an adequate remedy at law regarding any claims attacking the propriety of the pending criminal charges because he may pursue these claims through the state court system in the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact that Wilkes must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore

compelled to abstain from considering the merits of Wilkes' claims which place into question the constitutionality of the criminal charges pending against him as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for declaratory relief with respect to orders issued/actions undertaken by the state court in his pending criminal cases be DISMISSED in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims for monetary damages against defendant Pinston be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3. The plaintiff's claims relative to pending criminal charges be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case be dismissed prior to service of process.

---

[5] To the extent that Wilkes seeks release from confinement, it is well settled that a state prisoner may challenge the fact of his imprisonment only by way of a federal petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). An inmate cannot proceed on such a claim in a 42 U.S.C. § 1983 action so as to avert the exhaustion requirements attendant to habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). In addition, before a claim challenging the fact of an inmate's confinement may be heard in federal court, the inmate must first exhaust available state court remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). These remedies include appropriate motions filed with the state district or circuit courts and, if convicted, a direct appeal and/or a Rule 32 petition raising claims which go to the validity of any conviction which may be imposed. In addition, a general state petition for habeas relief is the proper vehicle in which to challenge the amount set for bail/bond. *Ex parte Stokes*, 990 So.2d 852, 856 (Ala. 2008) (internal citations omitted) ("A petition for a writ of habeas corpus is the proper vehicle by which to challenge the setting of allegedly excessive bail.... However, such a petition must be filed within a reasonable time."). Upon full and proper exhaustion in the state courts, the plaintiff may then seek relief from this court with respect to the exhausted claims through an appropriate action for habeas corpus relief.

It is further

ORDERED that on or before June 20, 2014, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE